IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LHC-3, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br>v.<br><br>REMAR INVESTMENTS, LP, a California Limited Partnership<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY ARBITRATION PROCEEDINGS<br><br>Case No. 2:16-cv-01046-JNP<br><br>District Court Judge Jill N. Parrish |

Before the court is Plaintiff LHC3's Motion to Stay, filed December 23, 2016. (Docket No. 4). Defendant filed a memorandum in opposition to the Motion on January 9, 2017. (Docket No. 18). Plaintiff filed a reply to that memorandum on January 18, 2017. (Docket No. 23). Plaintiff asks this court to issue an order staying arbitration proceedings currently pending in California. Plaintiff argues that a stay of the arbitration is necessary "to protect LHC3 from the Arbitrator's unlawful exercise of jurisdiction over LHC3's claims." (Docket No. 4, at 5).

The court concludes that Plaintiff's request must be denied for several reasons. First, it appears that Plaintiff has misfiled a motion for preliminary injunction as a motion to stay. These are distinct motions with separate standards that are not to be confused.[1] More importantly, Plaintiff has failed to point to a proper source of authority that would allow this court to issue an injunction staying the arbitration—whether the purported authority arises under Fed. R. Civ. P.

---

[1] A motion to stay invokes "the power inherent in every court to control the disposition of the causes on *its* docket[,]" *see Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936) (emphasis added), not the docket of another tribunal. A motion for injunction, by contrast, requests "[a] court order commanding or preventing an action" by a party. *See Injunction*, BLACK'S LAW DICTIONARY (10th ed. 2014).

65 or some applicable state law, Plaintiff does not say.[2] Finally, Plaintiff has not articulated an appropriate standard for issuance of a preliminary injunction or made any specific arguments applying the facts of this case to that standard. This deficiency alone precludes the court from granting Plaintiff's Motion. *See Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) ("Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." (quoting *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008)).

Based on the foregoing, Plaintiff's Motion to Stay (Docket No. 4) is **DENIED**.

**IT IS SO ORDERED**.

DATED this 26th day of January, 2017.

BY THE COURT:

_____
The Honorable Jill N. Parrish
District Court Judge

---

[2] Plaintiff briefly references application of the arbitration law of this forum, (Docket No. 4, at 8), but does not explain how Utah arbitration law could possibly allow the injunction of an arbitration proceeding under California law. Plaintiff also cites to several cases from other circuits and districts for the proposition that federal courts "have implied power to enjoin arbitrations as concomitant to the power to compel arbitrations under § 4 of the Federal Arbitration Act." (Docket No. 4, at 8) (citing, *inter alia*, *Am. Broad. Cos., Inc. v. Am. Fed'n of Television & Radio Artists*, 412 F. Supp. 1077, 1082 (S.D.N.Y. 1976)). From the court's reading, none of the cited cases held that federal courts have implied authority to issue injunctions staying arbitrations under the Federal Arbitration Act— they only held that any authority to enjoin arbitration proceedings was not inconsistent with the provisions of the Federal Arbitration Act. *See, e.g.*, *Societe Generale de Surveillance, S.A. v. Raytheon European Mgmt. & Sys. Co.*, 643 F.2d 863, 867–68 (1st Cir. 1981) (holding that authority derived from Massachusetts state law to enjoin an arbitration underway in Massachusetts was not inconsistent with the Federal Arbitration Act). To the extent the court has any authority to stay the proceedings at issue, that authority does not arise from the Federal Arbitration Act.